# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: MISCELLANEOUS MATTER,

    (ROBERT MICHAEL BAGETTA).

Case No. 02-X-72768

HONORABLE DENISE PAGE HOOD

_____/

## ORDER DENYING MOTION TO ENFORCE COURT ORDER

This matter is before the Court on Robert Michael Bagetta's Motion to Enforce Court Order filed August 12, 2008 in this Miscellaneous Case No. 02-X-72768, a Sealed Matter. Because Mr. Bagetta filed the instant motion in this case number, the Court will consider the substance of his request. However, the Court issues no opinion as to whether the instant motion may be considered as a successive habeas petition under 28 U.S.C. § 2244(b)(3) and (4) and Rule 9 Governing Habeas Corpus Cases.

On July 10, 2002, the Court entered an Order compelling Mr. Bagetta to testify before the grand jury. The Order stated that, "consistent with the provisions of 18 U.S.C. § 6002, no testimony or other information compelled under this order (or any information directly or indirectly derived from such testimony or other information) may be used against ROBERT BAGETTA in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with this order." (July 10, 2002 Order) Mr. Bagetta now claims that he testified to information before the grand jury relating to embezzlement/insurance fraud. Despite this immunity, Mr. Bagetta claims he was prosecuted and convicted on the same matter related to his grand jury testimony on April 14, 2003 before the Oakland County Circuit Court, State of Michigan. Mr. Bagetta seeks an order from this Court to enforce the immunity order and to release Mr. Bagetta immediately from state custody.

Mr. Bagetta's request is essentially a request for habeas relief from his 2003 Oakland County Circuit Court conviction. A review of the cases filed in this District indicates that Mr. Bagetta in fact filed a habeas corpus case before the Honorable George Caram Steeh filing the same documents and raising the same argument he presented in the instant motion before the undersigned. *See Bagetta v. Berghuis,* Case No. 07-10188 (E.D. Mich.).[1] Judge Steeh issued an Opinion and Order Denying Petition for Writ of Habeas Corpus on July 17, 2008. Inasmuch as a ruling on the motion before the undersigned circumvents Judge Steeh's Order, the Court declines to review the motion.

Even if no habeas case was before Judge Steeh, the Court finds Mr. Bagetta's motion must be denied. Mr. Bagetta does not cite any law or statute that the undersigned has any authority to review any immunity issues relating to a matter before the state court, especially after a case has concluded. Generally, when prosecutors later prosecute a defendant who has been granted statutory immunity, the defendant may request a *Kastigar* hearing to require prosecutors to prove that the evidence the prosecutors will be presenting are not the immunized testimony previously testified to by the defendant. *See Kastigar v. United States*, 406 U.S. 441 (1972). Mr. Bagetta has not shown that the prosecutor in the Oakland County Circuit Court criminal case used any immunized testimony to convict Mr. Bagetta. Based on the habeas case before Judge Steeh, it appears Mr. Bagetta instead entered into a plea agreement with the state thereby avoiding a criminal trial. Mr. Bagetta has not shown that the immunity issue was raised in the Oakland County Circuit Court

---

[1] Mr. Bagetta has also filed the following cases before this District: 1) 07-10588, *Bagetta v. Caruso* (Friedman)(Current parole status); 2) 07-10996, *Bagetta v. Caruso,* (Lawson)(§ 1983 civil rights case); 3) 94-74299, *Bagetta v. Clinton* (Rosen) (*Bivens* civil rights case); 4) 97-72758, *Bagetta v. McGinnis* (O'Meara) (§ 1983 civil rights case); 5) 93-40335, *Bagetta v. Johnson* (Edmunds)(Habeas case involving a different state court conviction); and, 6) 97-60135, *Bagetta v. Pitcher* (Hackett)(Habeas case involving another state court conviction).

criminal case or that he requested a *Kastigar* hearing during the criminal proceeding. The Court notes that the Order granting immunity states, "no testimony or other information compelled under this order (or any information directly or indirectly derived from such testimony or other information) may be used against ROBERT BAGETTA in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with this order." (7/10/02 Order) The order does not prohibit any *prosecution* of a criminal case against Mr. Bagetta using information which was obtained independent of the testimony or information received by the grand jury investigation pursuant to the July 10, 2002 Order.

Accordingly,

IT IS ORDERED that the Motion to Enforce Court Order **(filed August 12, 2008)** is DENIED.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: September 22, 2008

I hereby certify that a copy of the foregoing document was served upon Robert M. Bagetta, Reg No. 117646, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 on September 22, 2008, by electronic and/or ordinary mail.

          S/William F. Lewis
          Case Manager